10451

PRESCOTT v. HINES, DIRECTOR GENERAL.

(103 S. C. 543.)

1. RAILROADS—NEGLIGENCE IN LEAVING STANDING CARS HELD QUESTION FOR JURY.—Evidence that at night, when there was a fog or smoke obscuring the place, a railroad train, into which an auto ran, was left standing across a principal street, with no light or watchman, is sufficient to go to the jury on the question of negligence.

2. APPEAL AND ERROR—AMOUNT OF DAMAGES FOR PERSONAL INJURY NOT REVIEWABLE, UNLESS OUTRAGEOUS.—Amount of damages awarded by verdict for personal injury is not reviewable, unless it be made to appear that it is so outrageous and capricous as to shock the reviewing Court's ideas of right and justice.

Before WHALEY, J., County Court, Richland, February, 1920. Affirmed.

Action by W. S. Prescott against Walker D. Hines, as Director General of Railroads, for personal injury from collision with a train, standing across a street, of an automobile, belonging to and driven by another, in which plaintiff was riding. Judgment for plaintiff, and defendant appeals.

*Messrs. Barnett & McDonald,* for appellant, cite: *No reasonable inference can be drawn from facts of this case, but that defendant was guilty of no actionable negligence:* L. R. A. 1915a, 363 (N. H.). *Standard of evidence necessary to support a verdict:* 106 S. C. 123. *A passenger in an automobile may be guilty of contributory negligence independent of the driver thereof, and such negligence will bar a recovery:* 113 S. C. 45; 101 S. E. 286.

*Messrs. Paul A. Cooper* and *E. J. Best,* for respondent, cite: *Whether or not the railroad used due care under the facts and circumstances of the case in failing to have guards or warning lights at crossing was for the jury:* 106 S. C. 131; 95 S. C. 187; 78 S. E. 879; 71 S. C. 170. *If driver was negligent, such negligence cannot be imputed to passenger unless such passenger had the right to direct and control the operation of the machine:* 95 S. C. 187; 78 S. E. 879.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTLCE WATTS.

This is an action for personal injuries, and was tried before County Judge Whaley, and a jury, at the January term of Court, 1920, and resulted in a verdict for plaintiff for $1,667.75. At close of plaintiff's evidence a motion for nonsuit was made by the defendant, which motion was overruled. At the close of the case a motion for a directed verdict was made by the defendant, which motion was refused. After entry of judgment, defendant appealed and by 10 exceptions imputes error.

Appellant in his argument says:

"The exceptions are 10 in number, but in reality raise only three questions, to wit: (1) Could a reasonable inference be drawn from the testimony of any actionable negligence on the part of defendant? (Exceptions 1, 2, 3, 4, 5, 6, and 7.) (2) Was the trial Court in error in charging the jury in effect that the plaintiff could be guilty of contributory negligence only through the agency of the driver of the automobile? (Exceptions 9 and 10.) (3) Was the verdict excessive. (Exception 8.)"

As to the first group of exceptions: There was some evidence by which it was reasonable to infer that there was actionable negligence on the part of the defendant. There was evidence that the train was standing still, blocking one of the most traveled streets in the city of Columbia, and that the cars had no light of any kind upon them, or near them, or any guard or watchman to give warning; that on the night in question there was a fog or smoke, that made the place where the cars were standing dark, and obscuring the same. This was evidence on the part of the plaintiff. No railroad man in charge of the train, and present at the time of the injury, was put on the witness stand to deny the same. Under all of the evidence in the case, his Honor could not have granted a nonsuit, or directed verdict, as asked for by the defendant, and these exceptions are overruled.

As to exceptions 9 and 10: These exceptions are overruled, under the particular facts of the case. His Honor correctly stated the law, and we see no error on his part, as complained of.

The third group of exceptions are overruled. The amount of verdict this Court has nothing to do with, unless it be made to appear that it is so outrageous and capricious as to shock our ideas of right and justice. There is nothing in the verdict to do this.

All exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not take part in the decision of this case.